IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-40980
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALFREDO LOPEZ-GUEVARA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-381-1

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alfredo Lopez-Guevara (Lopez) appeals the 70-month sentence imposed following his guilty plea conviction for possession of more than five kilograms of cocaine. Lopez argues that the district court's sentence was unreasonable in light of the Supreme Court's recent decisions in Gall v. United States, 128 S. Ct. 586 (2007), and Kimbrough v. United States, 128 S. Ct. 558 (2007), because this court's prior precedent impermissibly restricted the district court's discretion at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing. He contends the district court labored under a misconception that it could not sentence Lopez below the Guidelines in the absence of "extraordinary circumstances" or based on the court's disagreement with guidelines policy. Nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Lopez's arguments for a nonguideline sentence. Accordingly, there was no reversible plain error. See United States v. Campos-Maldonado, 31 F.3d 337, 2008 WL 2357364, at *2 (5th Cir. June 11, 2008)(No. 07-20715).

Lopez also contends that his sentence is procedurally and substantively unreasonable. He argues that the district court failed to consider the factors of 18 U.S.C. § 3553(a) and failed to provide adequate reasons for the sentence imposed. Lopez further contends that the district court ignored the mitigating evidence he presented. Because Lopez did not object to his sentence in the district court, review is limited to plain error. See United States v. Peltier, 505 F.3d 389, 392 (5th Cir. 2007), cert. denied, 128 S. Ct. 2959 (2008).

The district court provided reasons for Lopez's sentence, noting that the amount of cocaine contributed to the seriousness of the offense. The court also commented on Lopez's use of cocaine and the connection between narcotics and other crimes. The district court committed no significant procedural error. See Gall, 128 St. Ct. at 597.

Because the district court imposed a sentence within a properly calculated guidelines range, the sentence is entitled to a presumption of reasonableness. See United States v. Alonzo, 435 F.3d 551, 553-54 (5th Cir. 2006); see also Rita v. United States, 127 S. Ct. 2456, 2463 (2007). The court considered mitigating evidence presented by Lopez and rejected his argument for a sentence below the guidelines range. The court explained its reasons for rejecting Lopez's argument and imposing a sentence within the guidelines range. Lopez has failed to demonstrate that his sentence is unreasonable. See Gall, 128 S. Ct. at 597.

Accordingly, the judgment of the district court is AFFIRMED.